1 | SHERRY B. SHAVIT, ESQ.; STATE BAR NO.: 193222
E-mail: sshavit@tharpe-howell.com
2 | **THARPE & HOWELL, LLP**
15250 Ventura Blvd., Ninth Floor
3 | Sherman Oaks, CA 91403
Tel: (818) 205-9955
4 | Fax: (818) 205-9944

5 | Attorneys for Defendants,
ADP, LLC, doing business in California
6 | as AD PROCESSING, LLC (erroneously
sued as AUTOMATIC DATA
7 | PROCESSING, INC.) and ADP TAX
SERVICES, INC.

8

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  ANNA TUPAZ, | Case No. |
| 13          Plaintiff, | |
| 14  v. | **DEFENDANTS' NOTICE OF** |
| 15  AUTOMATIC DATA PROCESSING, | **REMOVAL UNDER 28 U.S.C. §§ 1331** |
| INC., a New Jersey corporation; ADP | **AND 1441(b) (FEDERAL QUESTION),** |
| 16  TAX SERVICES, INC., a New Jersey | **28 U.S.C. §§ 1367(a) (SUPPLEMENTAL** |
| corporation, and, DOES 1-50, | **JURISDICTION), AND 28 U.S.C. §§** |
| 17  inclusive, | **1332, 1441 AND 1446 (DIVERSITY** |
| 18          Defendants. | **JURISDICTION)** |

19

20 | **TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO**

21 | **PLAINTIFF ANNA TUPAZ AND HER ATTORNEYS OF RECORD:**

22 | **PLEASE TAKE NOTICE** that Defendants ADP, LLC, doing business in

23 | California as AD PROCESSING, LLC (erroneously sued as AUTOMATIC DATA

24 | PROCESSING, INC.), and ADP TAX SERVICES, INC. ("Defendants") hereby

25 | remove the above-entitled action, Case No. 30-2017-00952082-CU-OE-CJC, from

26 | the Superior Court of the State of California, Orange County, to the United States

27 | ///

28 | ///

- 1 -

**DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331 AND 1441(b) (FEDERAL QUESTION), 28 U.S.C. §§ 1367(a) (SUPPLEMENTAL JURISDICTION), AND 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)**

District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1331, 1332, 1367(a), 1441, and 1446.

This Notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. §§ 1331 and 1441(b) based upon a federal question, under 28 U.S.C. §§ 1332, 1441, and 1446 based upon complete diversity of citizenship, and also under 28 U.S.C. §1367(a) based upon supplemental jurisdiction.

Defendants make the following allegations in support of their Notice of Removal:

## JURISDICTION AND VENUE ARE PROPER

1.    This is a civil action over which this Court has original jurisdiction based on the matter arising under a federal question pursuant to 28 U.S.C. §1331 and has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a), and thus may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(b) because it is a civil action that arises under the laws of the United States and because any other remaining claims for relief are so related to the federal claims that they form part of the same case or controversy, as set forth below. 28 U.S.C. §§ 1331, 1367(a), 1441(b), and 1446(b).

2.    This is a civil action over which this Court has original jurisdiction also based on diversity of citizenship pursuant to 28 U.S.C. §1332(a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees, as set forth below.  28 U.S.C. §§ 1332, 1441(a), and 1146(b).

3.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(3), 1391 and 1446.

///

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331 AND 1441(b) (FEDERAL QUESTION), 28 U.S.C. §§ 1367(a) (SUPPLEMENTAL JURISDICTION), AND 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)**

## GENERAL INFORMATION

4.      On October 26, 2017, Plaintiff filed a Complaint in the Superior Court of the State of California, Orange County, entitled *Anna Tupaz v. Automatic Data Processing, Inc., ADP Tax Services, Inc., and DOES 1-50,* designated as Case No. 30-2017-00952082-CU-OE-CJC (hereinafter, the "Complaint"), which was personally served on CT Corporation System, the registered agent for process in California for both Defendants, on November 15, 2017. True and correct copies of the Complaint, Summons, Service of Process Transmittal forms for both named Defendants, Civil Case Cover Sheet, and Alternative Dispute Resolution Information Package are attached hereto and incorporated by reference as **Exhibit 1.**

5.      A true and correct copy of Defendant's Answer to the Complaint, filed on or about December 12, 2017, is attached hereto and incorporated herein by reference as **Exhibit 2.**

6.      True and correct copies of the state court's Notice of Case Assignment and Notice of Hearing, setting a case management conference for February 16, 2018, are attached hereto and incorporated by reference as **Exhibit 3.**

7.      This Notice of Removal is filed within 30 days after service upon Defendants of Plaintiff's Summons and Complaint in accordance with 28 U.S.C. §1446(a).

8.      The Complaint also names as defendants "DOES 1 TO 50, Inclusive." Defendants are informed and believe and on that basis allege that none of the fictitiously named defendants have been served with a copy of the Summons and Complaint.  Therefore, the fictitiously named defendants are not parties to the above-captioned action and need not consent to removal.  *See Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. §1441(a).

9.      The attached exhibits constitute all the papers and processes that have been filed or received by Defendants in this matter.

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

## FEDERAL QUESTION JURISDICTION

10.    This is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1331, which provides that district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

11.    Plaintiff's first cause of action for failure to pay overtime is based and dependent on the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (Complaint, ¶¶ 21, 28-33.)

12.    Accordingly, this action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under federal law.

13.    Because Plaintiff's Complaint is controlled by and dependent upon important federal law, this action is properly removed from the Orange County Superior Court to this Court by virtue of 28 U.S.C. §1441(a) and (b) and pursuant to the procedures set forth in 28 U.S.C. §1446(a) and (b).

## SUPPLEMENTAL JURISDICTION

14.    To the extent that there are remaining claims for relief that do not arise under the Fair Labor Standards Act, these claims are within the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) in that they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.  In the alternative, any such other claims for relief are separate and independent claims which are properly removable to this Court pursuant to 28 U.S.C. §1441(c).  Thus, this action is removable in its entirety.

## COMLPETE DIVERSITY JURISDICTION

### A.    DIVERSITY OF CITIZENSHIP EXISTS

15.    The Court also has jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the matter in

- 4 -

1  controversy exceeds the sum of $75,000, exclusive of interests and costs and

2  attorneys' fees.  28 U.S.C. §1332(a).

3    16.   For purposes of removal, the citizenship of Doe Defendants is

4  disregarded and only named defendants are considered.  28 U.S.C. §1441(a); *see*

5  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998).

6  ### *ADP, LLC*

7    17.   Citizenship of a limited liability company is determined by examining

8  the citizenship of each member of the company.  *Johnson v. Columbia Props.*

9  *Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is

10  a citizen of every state of which its owners/members are citizens.").

11    18.   ADP, LLC is a limited liability company which is formed in the state of

12  Delaware.  (Declaration of Yvette Gordon ("Gordon Decl."), ¶3.)  ADP, LLC is a

13  single-member LLC.  That member is ADP Atlantic, LLC, which too is formed in

14  the state of Delaware and also has a single member, being Automatic Data

15  Processing, Inc.  (Gordon Decl., ¶4.)  Automatic Data Processing, Inc. is

16  headquartered in Roseland, New Jersey and incorporated in Delaware.  (Gordon

17  Decl., ¶5.)  New Jersey is where Automatic Data Processing, Inc.'s high level

18  officers direct, control, and coordinate ADP, LLC's activities.  (Gordon Decl., ¶5.)

19  Automatic Data Processing, Inc. is not registered to do business in California.

20  (Gordon Decl., ¶5.)  Neither California, nor any other state in which ADP, LLC

21  operates in, contains a substantial predominance of the company's operations.

22  (Gordon Decl., ¶5.)  Under *Hertz Corp v. Friend,* 559 U.S. 77 (2010), Automatic

23  Data Processing, Inc. is a citizen of the state of New Jersey as provided in 28 U.S.C.

24  §1332(c), and is not a citizen of California.

25  ### *ADP Tax Services, Inc.*

26    19.   For diversity of citizenship purposes, a corporation is a citizen of the

27  state under whose laws it is organized or incorporated and the state of its principal

28

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331 AND 1441(b) (FEDERAL QUESTION), 28 U.S.C. §§ 1367(a) (SUPPLEMENTAL JURISDICTION), AND 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

place of business. 28 U.S.C. §1332(c); *see L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932-939 (9th Cir. 2011).

20.     ADP Tax Services, Inc. is a wholly owned subsidiary of ADP, LLC. (Gordon Decl., ¶6.)  ADP Tax Services, Inc. is headquartered in Roseland, New Jersey and incorporated in Delaware. (Gordon Decl., ¶6.) Under 28 U.S.C. §1332(c), ADP Tax Services, Inc. is a citizen of the states of New Jersey and Delaware.

21.     Citizenship of a natural person is established by domicile.  28 U.S.C. §1332(a)(1) (an individual is a citizen of the state in which he is domiciled).  A person's domicile is established by physical presence and an intent to remain indefinitely.  *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986); *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship).  In her Complaint, Plaintiff alleges that she resided in Orange County, California. (Complaint, ¶1.) Plaintiff also alleges that she worked for Defendants in San Dimas, California and from her home in Orange County, California.  (Complaint, ¶8.) Defendants are further informed and believe, and based thereon allege, that Plaintiff continues to reside in California.  Therefore, because Plaintiff resides in the state of California, Plaintiff is deemed a citizen of that state for purposes of determining this Court's diversity jurisdiction.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

22.     For complete diversity to exist, every Plaintiff must be diverse from every Defendant. *See Calero v. Unisys Corp.,* 271 F. Supp. 2d 1172, 1176 (9th Cir. 2003). Accordingly, because Plaintiff is citizen of California, and Defendants are citizens of New Jersey and Delaware, complete diversity of citizenship exists between these parties.

///

///

///

DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331 AND 1441(b) (FEDERAL QUESTION), 28 U.S.C. §§ 1367(a) (SUPPLEMENTAL JURISDICTION), AND 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**B.**     **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

23.     Although Plaintiff's Complaint does not explicitly set forth an amount in controversy, it is clear based on her allegations that her claims easily exceed the jurisdictional threshold for removal.

24.     To satisfy the $75,000 amount in controversy requirement, the removing party must demonstrate that the amount in controversy "more likely than not" exceeds $75,000.  "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).  "Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

25.     As shown below, if Plaintiff succeeds on her claims in this action, then it is more likely than not that Plaintiff's damages will exceed the $75,000 threshold to meet the minimum amount in controversy.  Plaintiff alleges she is entitled to damages for: 1) unpaid overtime, 2) missed meal periods, 3) missed rest breaks, 4) missed 30-minute meal breaks, 5) unpaid wages upon termination of employment, 6) failure to provide accurate wage statements, and 7) failure to permit inspection and copy records, which amount to **$98,221.17**, excluding interests, costs and attorneys' fees. This amount clearly exceeds the $75,000 minimal amount in controversy.

26.     The general basis and recognized formulas for determining the potential amount of damages for purposes of removal further support that the $75,000 minimal amount in controversy is exceeded. This will be demonstrated in detail below.

### *Failure to Pay Overtime/Failure to Pay Wages Due*

27.     In her first and second causes of action, Plaintiff claims she was not paid for one (1) hour of overtime work per day from her hire date of July 2014 until December 31, 2016. (Complaint, ¶20.)  Under California Labor Code §510, "[a]ny

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 7 -

work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee."

28.    Plaintiff alleges that from July 2014 through August 2015, her straight time rate was $31.00. (Complaint, ¶9.)  Thus, her alleged overtime rate was $46.50. Plaintiff's alleged damages for this time period are thus $14,182.50 (one hour of overtime per day, working five days a week, for 61 weeks at an overtime rate of $46.50). Plaintiff alleges that from September 2015 through August 2016, her straight time rate was $32.71. (Complaint, ¶9.)  Thus, her alleged overtime rate was $49.065. Plaintiff's alleged damages for this time period are thus $12,756.90 (one hour of overtime per day, working five days a week, for 52 weeks at an overtime rate of $49.065). Plaintiff alleges that from September 2016 through December 2016, her straight time rate was $33.69. (Complaint, ¶9.)  Thus, her alleged overtime rate was $50.535. Plaintiff's alleged damages for this time period are thus $4,042.80 (one hour of overtime per day, working five days a week, for 17 weeks at an overtime rate of $50.535). Therefore, the total alleged damages for alleged unpaid overtime total $31,234.88.

29.    Plaintiff also claims she is entitled to pay at an overtime rate for each purportedly missed 30-minute meal period for her entire employment from July 2014 to March 2017.  Plaintiff claims she missed meals four days per week, as she allegedly was provided meal periods approximately once a week. (Complaint, ¶¶20, 45.)

30.    Plaintiff alleges that from July 2014 through August 2015, she worked four (4) days a week for 61 weeks at an overtime rate of $46.50 and claims she is entitled to a half-hour of overtime pay per day, which yields potential damages for this time period of $5,673.00. Plaintiff alleges that from September 2015 through August 2016, she worked four (4) days a week for 52 weeks at an overtime rate of

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 8 -

$49.065 and claims she is entitled to a half-hour of overtime pay per day, which yields potential damages for this time period of $5,102.76. Plaintiff alleges that from September 2016 through March 2016, she worked four (4) days a week for 30 weeks and claims she is entitled to a half-hour of overtime pay per day, which yields potential damages for this time period of $3,032.10. Therefore, the total alleged damages for alleged missed 30-minute meal breaks at overtime rate is <u>$13,807.86</u>.

### *Meal Break Violations*

31.     In her fourth cause of action, Plaintiff claims that throughout her employment she worked five days per week, but only was allowed to take a meal period approximately once a week. (Complaint, ¶¶ 9, 45.)

32.     Under California Labor Code §226.7, "If an employer fails to provide an employee a [meal period] in accordance with a state law…the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the [meal period] is not provided."

33.     Plaintiff alleges that from July 2014 through August 2015, her straight time rate was $31.00. Thus, Plaintiff's alleged damages for this time period are $7,465.00 (working 61 weeks with a missed meal period four (4) days per week, and one (1) hour of premium pay for each missed meal period). Plaintiff alleges that from September 2015 through August 2016, her straight time rate was $32.71. Thus, her alleged damages for this time period are $6,803.28 (working 52 weeks with a missed meal period four (4) days per week, and one (1) hour of premium pay for each missed meal period). Plaintiff alleges that from September 2016 through March 2017, her straight time rate was $33.69. Thus, Plaintiff's alleged damages for this time period are $4,042.80 (working 30 weeks with a missed meal period four (4) days per week, and one (1) hour of premium pay for each missed meal period). Therefore, the total alleged damages for alleged missed meal periods equal <u>$18,410.08</u>.

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

- 9 -

1

### *Rest Period Violations*

2    34.    Plaintiff also claims in her fourth cause of action that she was only

3    allowed to take one rest period per month for her entire employment from July 2014

4    to March 2017. (Complaint, ¶¶9, 45.)

5    35.    Under California Labor Code §226.7, "[if] an employer fails to provide

6    an employee a [rest or recovery period] in accordance with a state law…the

7    employer shall pay the employee one additional hour of pay at the employee s

8    regular rate of compensation for each workday that the [rest or recovery period] is

9    not provided."

10   36.    Plaintiff alleges that from July 2014 through August 2015, she worked

11   five days a week for 61 weeks at a straight time rate of $31.00. One (1) hour of pay

12   per day yields a total of $9,455.00. However, Plaintiff claims she received one break

13   per month, or 14, during this time period at a rate of $31.00, which yields $434 to

14   which she is not entitled. Subtracting $9,455.00 by $434 yields alleged damages for

15   this time period of $9,021.00. Plaintiff alleges that from September 2015 through

16   August 2016, she worked five (5) days a week for 52 weeks at a straight time rate of

17   $32.71. One (1) hour of pay per day yields a total of $8,504.60. However, Plaintiff

18   claims she received one break per month, or 12, during this time period at a rate of

19   $32.71, which yields $392.52 to which she is not entitled. Subtracting $8,504.60 by

20   $392.52 yields alleged damages for this time period of $8,112.08. Plaintiff alleges

21   that from September 2016 through March 2017, she worked five (5) days a week for

22   30 weeks at a straight time rate of $33.69. One (1) hour of pay per day yields

23   $5,035.50. However, Plaintiff claims she received one break per month, or 7, during

24   this time period at a rate of $33.69, which yields $235.83 to which she is not entitled.

25   Subtracting $5,035.50 by $235.83 yields alleged damages for this period of

26   $4,799.67. Therefore, the total alleged damages for alleged missed rest breaks

27   amounts to $21,932.75.

28   ///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

### ***Waiting Time Penalties (Labor Code §203)***

37.     In her third cause of action, Plaintiff claims she is owed penalties under California Labor Code §203 for failure to pay all wages upon termination of employment.  Specifically, Plaintiff claims she is entitled to a penalty of $10,360.80. (Complaint, ¶¶40-41.)

### ***Pay Stub Violation***

38.     In her fifth cause of action, Plaintiff claims she is owed penalties for failure to provide accurate wage statements. (Complaint, ¶¶50-51.) Under California Labor Code § 226(e), "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) [itemized wage statements] is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)."

39.     Working from July 2014 through March 2017, Plaintiff clearly received over 40 itemized wage statements. Therefore, the potential maximum penalty that could be assessed against Defendant would be $4,000.

### ***Failure to Allow Inspection of Employee File and Paystubs***

40.     In her sixth cause of action, Plaintiff claims she is owed penalties for failure to permit inspection and copying of her employment records. (Complaint, ¶¶54-55.) Under California Code §226(f), "[a] failure by an employer to permit a current or former employee to inspect or copy records within the time set forth in subdivision (c) [21 calendar days from the date of the request] entitles the current or former employee or the Labor Commissioner to recover a seven-hundred-fifty-dollar ($750) penalty from the employer."

41.     Because Plaintiff alleges that she sent a request to permit inspection and copying of her employment file and paystubs on July 11, 2017 and Defendants allegedly did not comply (Complaint, ¶54), Plaintiff's alleged damages are $750.

42.    The following reveals Defendants' calculation of the amount in controversy for this matter, which has been outlined in detail above and does not even include Plaintiff's claim for attorneys' fees:

| | |
|---|---|
| Overtime (off-the-clock work) | $31,234.88 |
| Overtime (30-minute meal breaks) | $13,807.86 |
| Meal Period Premiums | $18,410.08 |
| Rest Break Premiums | $21,932.75 |
| Failure to Pay Wages Upon Termination Penalties | $10,360.80 |
| Failure to Provide Accurate Wage Statements Penalties | $4,000 |
| Failure to Permit Inspection/Copy of Records Penalties | $750 |
| Total | **$98,221.17** |

43.    Based on the foregoing, the threshold jurisdictional amount in controversy more likely than not is satisfied.

## NOTICE TO COURT AND PARTIES

44.    Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Orange.

## CONCLUSION

45.    For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and also has supplemental jurisdiction under 28 U.S.C. § 1367.

///

///

///

///

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**WHEREFORE**, having provided notice as required by law and based on the above, the above-entitled action should hereby be removed from the Superior Court of the County of Orange to this honorable District Court.


Dated:  December 15, 2017                                    THARPE & HOWELL, LLP


By: _____ s/ Sherry B. Shavit_____
                                                            SHERRY B. SHAVIT
                                                            Attorneys for Defendants
                                                            ADP, LLC, doing business in
                                                            California as AD PROCESSING,
                                                            LLC (erroneously sued as
                                                            AUTOMATIC DATA
                                                            PROCESSING, INC.) and ADP
                                                            TAX SERVICES. INC.

I:\29000-000\29301\Pleadings\FEDERAL\Notice of Removal.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

**DEFENDANTS' NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1331 AND 1441(b) (FEDERAL QUESTION), 28 U.S.C. §§ 1367(a) (SUPPLEMENTAL JURISDICTION), AND 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)**