EXHIBIT "2"

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
12/12/2017 at 03:33:00 PM
Clerk of the Superior Court
By Vicky Huang, Deputy Clerk

**THARPE & HOWELL, LLP**
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403
(818) 205-9955; (818) 205-9944 fax

SHERRY B. SHAVIT, ESQ.; STATE BAR NO.: 193222
NICOLE D. SADY-KENNEDY, ESQ.; STATE BAR NO.: 291522

Attorneys for Defendants,
ADP, LLC, doing business in California as AD
PROCESSING, LLC (erroneously sued as
AUTOMATIC DATA PROCESSING, INC.)
and ADP TAX SERVICES, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| ANNA TUPAZ,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>AUTOMATIC DATA PROCESSING, INC., a New Jersey corporation; ADP TAX SERVICES, INC., a New Jersey corporation, and DOES 1-50, inclusive,<br><br>　　　　　　Defendants. | Case No. 30-2017-00952082-CU-OE-CJC<br><br>Complaint Filed: October 26, 2017<br>*Civil Unlimited Jurisdiction*<br><br>*[Assigned to the Hon. Theodore Howard, Dept. C18]*<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>**IMAGED FILE** |

Defendants ADP, LLC, doing business in California as AD PROCESSING, LLC (erroneously sued as AUTOMATIC DATA PROCESSING, INC.), and ADP TAX SERVICES, INC. ("Defendants") hereby submit this Answer for themselves and no one else in response to Plaintiff Anna Tupaz's ("Plaintiff") Complaint ("Complaint"), as follows:

### GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure § 431.30, Defendants deny generally each and every allegation contained in the Complaint, and further deny that Plaintiff is entitled to damages, civil penalties, attorneys' fees, prejudgment interest, costs of suit, or any other relief of any kind whatsoever. Defendants further deny that Plaintiff has sustained, or will sustain, any losses in

- 1 -
DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

the manner or amount alleged, or otherwise, by reason of any act or omission, or any other conduct or absence thereof on the part of Defendants.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative and other defenses, which they designate, collectively, as "affirmative defenses." Defendants' designation of their defenses as "affirmative" is not intended in any way to alter Plaintiff's burden of proof with regard to any element of Plaintiff's causes of action. Defendants incorporate (as if fully set forth therein) this express denial each and every time they reference "Plaintiff" herein.

## FIRST DEFENSE

### (FAILURE TO STATE A CLAIM)

1. The Complaint, and each and every cause of action and/or claim for relief alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND DEFENSE

### (STATUTE OF LIMITATIONS)

2. Any claims and/or causes of action purportedly asserted in Plaintiff's Complaint are barred by the provisions of all applicable statutes of limitations, including without limitation Code of Civil Procedure §§338(a), 340(a), 340(b), Business and Professions Code §17208, Labor Code §203(b), and 29 U.S.C. §255 to the extent Plaintiff seeks relief for conduct occurring outside of the relevant statute of limitations period.

## THIRD DEFENSE

### (ENTITY SUED IS NOT PLAINTIFF'S EMPLOYER)

3. Defendant ADP, LLC alleges that it was not Plaintiff's employer and at no time did Defendant ADP, LLC control or have the right to control Plaintiff's work, the manner and means by which Plaintiff's work was performed, or the employee-employer relationship.

///
///
///
///

- 2 -
DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

## FOURTH DEFENSE

### (GOOD FAITH BELIEF OF COMPLIANCE WITH OBLIGATIONS AND/OR GOOD FAITH DISPUTE)

4. Defendants, and each of them, allege that they acted with a reasonable and good faith belief that they complied with their obligations, if any, under the California Labor Code, specifically including but not limited to §§200, 201, 202, 226, 226.7, and 512 thereof, as to Plaintiff; and/or at all relevant times, there exists and/or existed a *bona fide* good faith factual and/or legal dispute as to the existence and/or extent of Defendants', or either of their, obligations to Plaintiff under any applicable Labor Code provision.

## FIFTH DEFENSE

### (ISOLATED AND UNINTENTIONAL PAYROLL ERROR)

5. If any itemized wage statement provided to Plaintiff was inaccurate, which Defendants deny, it was as a result of an isolated and unintentional payroll error due to a clerical or inadvertent mistake (Labor Code §226(e)(3)).

## SIXTH DEFENSE

### (IMPOSSIBILITY OF PERFORMANCE)

6. Plaintiff is not entitled to any penalty under Labor Code §226(f) due to the impossibility of performance (Labor Code §226(c)).

## SEVENTH DEFENSE

### (LABOR CODE SECTION 203 – WAGES TIMELY PAID)

7. Plaintiff is barred from any recovery under Labor Code §203 because, at all times relevant to this action, Plaintiff was properly paid all wages due and owing within the time required by Labor Code §§201 and/or 202.

## EIGHTH DEFENSE

### (LABOR CODE SECTION 203 – AVOIDANCE OF PAYMENT)

8. Plaintiff is barred from any recovery under Labor Code §203 because, at all times relevant to this action, Plaintiff secreted or absented herself to avoid payment, and/or refused to receive the payment when fully tendered to her, and thus is not entitled to recover under Labor Code §203 for

the time during which Plaintiff so avoided payment.

## NINTH DEFENSE

### (BUS. & PROF. CODE § 17200 – SAFE HARBOR)

9. Plaintiff's claim for violation of Business & Professions Code §§17200 *et seq.* is barred, in whole or in part, because of Defendants' compliance with all applicable laws, statutes, and regulations, said compliance affording Defendants, or either of them, a safe harbor to any such claim.

## TENTH DEFENSE

### (BUS. & PROF. CODE § 17200 – RESTITUTION PENALTIES BARRED)

10. Plaintiff's prayer for restitution pursuant to Business and Professions Code §17200 *et seq.* is barred with respect to penalties of any nature.

## ELEVENTH DEFENSE

### (LACK OF DAMAGES AND/OR HARM)

11. Plaintiff suffered no harm, sustained no damages, and/or was not aggrieved as a result of the actions allegedly taken by Defendants, or either of them, and is thus barred from recovery on any cause of action against Defendants, or either of them.

## TWELFTH DEFENSE

### (LEGITIMATE BUSINESS JUDGMENT)

12. Any and all conduct of which Plaintiff complains, which is attributed to Defendants, or either of them, and/or which Defendants, or either of them, undertook, was a just and proper exercise of discretion and business judgment, undertaken for a fair and honest reason and regulated by good faith under the circumstances then existing.

## THIRTEENTH DEFENSE

### (FAILURE TO PERFORM OBLIGATIONS)

13. Plaintiff failed to perform all obligations as required by the terms of the alleged employment arrangement, including but not limited to failing to advise Defendants, or either of them, of any alleged failure to receive meal periods or rest breaks or unpaid wages, and that performance and/or failure to perform on Plaintiff was a condition precedent to the performance of Defendants', or either of their, obligations.

## FOURTEENTH DEFENSE

### (WAIVER)

14. Plaintiff may not seek relief from this Court as Plaintiff's claims, or any of them, are subject to the doctrine of waiver to the extent Plaintiff failed to advise Defendants, or either of them, of any alleged failure to receive meal periods or rest breaks or unpaid wages.

## FIFTEENTH DEFENSE

### (ESTOPPEL)

15. Plaintiff may not seek relief from this Court as Plaintiff's claims, or any of them, are subject to the doctrine of estoppel to the extent Plaintiff failed to advise Defendants, or either of them, of any alleged failure to receive meal periods or rest breaks or unpaid wages.

## SIXTEENTH DEFENSE

### (LACHES)

16. The Complaint, and each count set forth therein, is barred by the doctrine of laches to the extent Plaintiff failed to advise Defendants, or either of them, of any alleged failure to receive meal periods or rest breaks or unpaid wages.

## SEVENTEENTH DEFENSE

### (UNCLEAN HANDS)

17. Plaintiff may not seek relief from this Court in that Plaintiff comes before this Court with unclean hands because Plaintiff intentionally failed to advise Defendants, or either of them, of any alleged failure to receive meal periods or rest breaks or unpaid wages.

## EIGHTEENTH DEFENSE

### (FAILURE TO MITIGATE)

18. Defendants are informed and believe that a reasonable opportunity for investigation and discovery will reveal, and on that basis allege, that Plaintiff failed to exercise reasonable care to mitigate Plaintiff's damages, if any were suffered, by failing to advise Defendants, or either of them, of any alleged failure to receive meal periods and/or rest breaks and/or unpaid wages. Plaintiff's right to recover against Defendants, or either of them, should be reduced and/or eliminated by such a failure.

## NINETEENTH DEFENSE

### (*DE MINIMIS*)

19. The Complaint, and each cause of action therein, or some of them, are barred to the extent the work allegedly performed was *de minimis* in nature.

## TWENTIETH DEFENSE

### (INTEREST)

20. The Complaint fails to properly state a claim upon which interest may be awarded as requested in its Prayer, as the damages and/or penalties claimed are not sufficiently certain to allow an award of interest.

## TWENTY-FIRST DEFENSE

### (REPLICATING PENALTIES – DUE PROCESS)

21. The imposition of replicating penalties under Labor Code §§203, 226(e)(1), and/or 226.7 would be oppressive and unreasonable, and thus violate Defendants' due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California. [Lockyer v. R.J. Reynolds Tobacco Co. (2005) 37 Cal. 4th 707; Ratner v. Chemical Bank New York Trust Co. (S.D.N.Y. 1972) 54 F.R.D. 412; Hale v. Morgan (1978) 22 Cal. 3d 388, 398, 405.]

## TWENTY-SECOND DEFENSE

### (EXCESSIVE FINES)

22. To the extent that Plaintiff asserts a right to a statutory or civil penalty pursuant to Labor Code §§203, 226(e)(1), and/or 226.7, Defendants assert that such recovery is barred and/or limited by the excessive fines clauses of the California and United States Constitutions on the grounds that the potential amount of penalties that could be awarded pursuant to these Labor Code sections per day and/or per pay period is arbitrary, excessive and unreasonable, and wholly disproportionate to any discernible and legitimate legislative goal of providing employees meal breaks. [Hale v. Morgan (1978) 22 Cal. 3d 388, 398, 405.]

///

///

### TWENTY-THIRD DEFENSE

### (GOOD FAITH BASED ON §10 OF THE PORTAL-TO-PORTAL ACT)

23. Plaintiff is barred from any recovery under the Fair Labor Standards Act ("FLSA") as §10 of the Portal-to-Portal Act excuses non-compliance with FLSA minimum wage and overtime requirements because Defendants', or either of their, alleged actions or omissions were taken in good faith, in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation of the Wage and Hour Division of the U.S. Department of Labor, or any administrative practice or enforcement policy of the Division.

### TWENTY-FOURTH DEFENSE

### (GOOD FAITH BASED ON §10 OF THE PORTAL-TO-PORTAL ACT)

24. Plaintiff is barred from any recovery or reduction due to §11 of the Portal-to-Portal Act which allows courts to deny liquidated damages or reduce them in actions where the defendant proves that it acted in good faith and with reasonable grounds to believe that it was not violating the Act or any applicable state law.

### TWENTY-FIFTH DEFENSE

### (PRELIMINARY OR POSTLIMINARY ACTIVITIES)

25. The claims of Plaintiff are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. §254, and any other applicable state law, to the extent Plaintiff was engaged in activities which were preliminary or postliminary to her principal activities.

### TWENTY-SIXTH DEFENSE

### (NO WILLFULNESS)

26. Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to allege facts demonstrating that Defendants', or either of their, alleged conduct was willful and merits a three-year statute of limitations under the FLSA.

///

///

///

///

## TWENTY-SEVENTH DEFENSE

### (ADDITIONAL AFFIRMATIVE DEFENSES)

27. Defendants are informed and believe, and thereon allege, that certain additional affirmative defenses are available to Defendants or either of them. Said affirmative defenses will require further discovery and/or investigation before they can be properly alleged. Defendants will move to amend the Answer to allege such affirmative defenses once they have been fully ascertained and can be properly alleged.

### PRAYER

**WHEREFORE**, Defendants pray for judgment dismissing the Complaint with prejudice, that Plaintiff takes nothing, that judgment be entered for Defendants, and that they be awarded their attorneys' fees and costs of suit herein, and for such other and further relief as the Court determines is proper.

Dated: December 12, 2017

THARPE & HOWELL, LLP

By: _____
SHERRY B. SHAVIT
Attorneys for Defendants
ADP, LLC, doing business in
California as AD PROCESSING, LLC
(erroneously sued as AUTOMATIC
DATA PROCESSING, INC.) and
ADP TAX SERVICES, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1.  At the time of service I was at least 18 years of age and **not a party to this legal action.**

2.  My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3.  I served copies of the following documents (specify the exact title of each document served):

    **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

4.  I served the documents listed above in item 3 on the following persons at the addresses listed:

| Matthew C. Bradford, Esq.<br>Nathan M. Robinson, Esq.<br>ROBINSON BRADFORD LLP<br>43471 Ridge Park Drive, Suite C<br>Temecula, CA 92590<br>Tel: (209) 954-9001<br>Fax: (209) 954-9091 | Attorneys for Plaintiff,<br>ANNA TUPAZ |
|---|---|

5.  a. ___ **By personal service.** I personally delivered the documents on the date shown below to the persons at the addresses listed above in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

    b. **X** **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

    (1) ___ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid on the date shown below, or

    (2) **X** placed the envelope for collection and mailing on the date shown below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Sherman Oaks, California.

    c. ___ **By overnight delivery.** I enclosed the documents on the date shown below in an envelope or package provided by an overnight delivery carrier and addressed to the person at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

d. ____ **By messenger service.** I served the documents on the date shown below by placing them in an envelope or package addressed to the person on the addresses listed in item 4 and providing them to a professional messenger service for service.

e. ____ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents on the date shown below to the fax numbers of the persons listed in item 4. No error was reported by the fax machine that I used. A copy of the fax transmission, which I printed out, is attached to my file copy.

f. ____ **By e-mail or electronic transmission.** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4. I did not receive within a reasonable time after the transmission any electronic message or other indication that the transmission was unsuccessful.

6. I served the documents by the means described in item 5 on *(date)*: December 12, 2017

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 12/12/17 | DARLENE DUARTE | *[signature]* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

## DECLARATION OF MESSENGER

____ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. I delivered the documents on the date shown below to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence between the hours of eight in the morning and six in the evening with some person not less than 18 years of age.

At the time of service, I was at least 18 years of age. I am not a party to the above referenced legal proceeding.

I served the envelope or package, as stated above, on *(date)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| _____ | _____ | _____ |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\29000-000\29301\Pleadings\Answer to Complaint.docx

- 10 -
DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT